IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| OPERATING ENGINEERS LOCAL #234 HEALTH AND WELFARE FUND, by its Trustees, OPERATING ENGINEERS LOCAL #234 APPRENTICESHIP FUND, by its Trustees, OPERATING ENGINEERS LOCAL #234 WORK PRESERVATION FUND, by its Trustees, OPERATING ENGINEERS LOCAL #234 CURE FUND, by its Trustees, and CENTRAL PENSION FUND OF INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its Trustees, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 4:10-cv-00348-JEG-RAW<br><br>REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT ON DEFAULT |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DUBUQUE EXCAVATING, INC., | ) ) | |
| Defendant. | ) | |

This matter is before the Court for report and recommendation following evidentiary hearing. On July 29, 2010 plaintiffs Operating Engineers Local #234 Health and Welfare Fund, by its Trustees, Operating Engineers Local #234 Apprenticeship Fund, by its Trustees, Operating Engineers Local #234 Work Preservation Fund, by its Trustees, Operating Engineers Local #234 Cure Fund, by its Trustees, and Central Pension Fund of International Union of Operating Engineers and Participating Employers, by its Trustees, brought an action under the Employee Retirement Income Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1132(a)(3), and 29 U.S.C. § 185(a) to collect fringe benefit contributions owed by defendant Dubuque Excavating to the plaintiff

funds. Defendant was served and did not answer. On November 16, 2010 plaintiffs filed a motion for default judgment against defendant [3]; default was entered against defendant on November 17, 2010 [4]. On November 30, 2010 plaintiffs filed a motion for entry of judgment on default [5] which was referred to the undersigned for report and recommendation.

The Court has jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3) and 29 U.S.C. § 185(1). Evidentiary hearing was held January 4, 2011. Attorney Joan M. Fletcher appeared for plaintiffs.

On default the Court takes all well-pleaded factual allegations of the complaint as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); Fed. R. Civ. P. 8(b)(6)("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."). The facts pleaded in the Complaint establish the following. Plaintiffs are trust funds established under the Labor Management Relations Act, 29 U.S.C. § 186(c)(1), and are multi-employer plans under ERISA. 29 U.S.C. § 1002(37). The plaintiff funds provide certain benefits to employees performing work covered by collective bargaining agreements negotiated by the International Union of Operating Engineers Local Union # 234 (the Union). The fund trustees are ERISA fiduciaries. All of the funds, except the Central Pension Fund, are administered in Des Moines, Iowa.

Defendant Dubuque Excavating transacts business in Dubuque, Iowa and is an employer in an industry or activity in commerce. At all relevant times defendant had a collective bargaining agreement with the Union. The collective bargaining agreement obligated defendant to pay on behalf of its employees contributions to the funds at rates established in the collective bargaining agreement for each hour worked by employees, and at regular intervals to submit fringe benefit report forms to determine the amounts due. Defendant failed to submit the required reports or contributions for covered employees in certain months in 2009. Notice of delinquent benefits was sent and payment demanded.

The facts laid out in the Complaint were supplemented at the evidentiary hearing. Mr. Richard Tallman, a certified public accountant who has worked for the plaintiffs for over 20 years, testified. Plaintiffs offered and the Court received Exhibits 1, 2, 3, 4, 5, 6 in support of plaintiffs' motion for entry of judgment on default. Exhibit 1 is a copy of a Heavy Highway Construction Agreement between Local 234 and the Heavy Highway Contractors Association, effective between December 1, 2004 through November 30, 2007. Defendant Dubuque Excavating is a signatory to this Agreement. (Ex. 1 at 26). Exhibit 2 is the same Agreement in effect between December 1, 2007 and November 30, 2010. Although defendant is not a signatory to this Agreement, an automatic renewal provision in Exhibit 1 binds defendant in the absence of written

notice of intent to terminate the original agreement. (*Id.* at 24). Defendant did not give the required written notice. Exhibit 3 is Mr. Tallman's working draft of the audit procedures he undertook with defendant's payroll records. Exhibit 4 is a November 30, 2009 letter from Mr. Tallman to Dubuque Excavating advising them of a deficiency in its contributions to the funds and making a demand for payment. Defendant has not disputed the deficiency or the amount as shown on Mr. Tallman's audit. Exhibit 5 contains copies of payroll stubs from employees for defendant company in the month of November 2009 from which Mr. Tallman calculated additional deficient benefit contributions. Exhibit 6 is a revised calculation of plaintiffs' damages, showing a total of $34,209.28, which total includes unpaid contributions calculated by Mr. Tallman to be $28,718.76,[1] liquidated damages in the amount of $4,307.81 representing 15 percent of the unpaid contributions, and interest in the amount of $1,382.71. Finally, plaintiffs submitted an affidavit from Ms. Fletcher in support of their claim for attorney fees.

In a meritorious action to enforce an employer's obligation under 29 U.S.C. § 1145 to make contributions to a multi-employer plan, the plan is entitled to recover the unpaid contributions, interest on the unpaid contributions, and in the

---

[1] This amount aggregates delinquent contributions owed to the various plaintiff funds. For this reason, plaintiffs request a joint judgment in their favor.

circumstances of this case, liquidated damages in an amount not in excess of 20 percent of the unpaid contributions, as well as reasonable attorney fees and costs. 29 U.S.C. § 1132(g)(2).

Based on the factual allegations in the Complaint, the sworn testimony of Mr. Tallman and the exhibits, the Court finds plaintiffs should recover from Dubuque Excavating, Inc. unpaid contributions in the amount of $28,718.76, plus liquidated damages at 15%, or $4,307.81, and interest in the amount of $1,382.71, for a total of $34,409.28. The Court further finds Ms. Fletcher has charged $2,810 for her services and expenses in the amount of $380. The necessity for those fees and expenses are established in Ms. Fletcher's affidavit and Exhibits A and B attached thereto. The fee rate and hours expended are reasonable.

**IT IS RESPECTFULLY RECOMMENDED** that judgment be entered in favor of plaintiffs Operating Engineers Local #234 Health and Welfare Fund, by its Trustees, Operating Engineers Local #234 Apprenticeship Fund, by its Trustees, Operating Engineers Local #234 Work Preservation Fund, by its Trustees, Operating Engineers Local #234 Cure Fund, by its Trustees, and Central Pension Fund of International Union of Operating Engineers and Participating Employers, by its Trustees, and against defendant Dubuque Excavating, Inc., in the total amount $34,409.28, plus interest thereon at the rate provided in 28 U.S.C. § 1961. In addition, the

5

Court should also award attorney fees in the amount of $2,810 and expenses and costs in the amount of $380 to plaintiffs.

**IT IS ORDERED** written objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), must be filed within fourteen (14) days after the service of this Report and Recommendation. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990); <u>Wade for Robinson v. Callahan</u>, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. <u>See</u> Fed. R. Civ. P. 72; <u>Thompson</u>, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Griffini v. Mitchell</u>, 31 F.3d 690, 692 (8th Cir. 1994); <u>Halpin v. Shalala</u>, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); <u>Thompson</u>, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 5th day of January, 2011.

ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE